## JOSEPH H. McCOY, Plaintiff in Error,

*v.*

## A. REEVES AYRES, Administrator of the Estate of Thomas K. McCoy, Defendant in Error.

Whether the absence of a venue, from an affidavit sworn to before a Justice of the Peace is a fatal omission—*Quære?*

A failure to verify a petition which is the foundation of probate proceedings on an estate, and which by statute is required to be verified if in other respects sufficient, is but an irregularity, and does not render the proceedings subject to collateral attack.

Where one of the issues on the trial was, whether certain specific chattels were at a certain date in Washington Territory or in Oregon, the transcript of the record of the Probate Court in that State showing that Court had assumed jurisdiction over such chattels at the time in question, would *prima facie* establish the fact that they were then within the State of Oregon, and within the jurisdiction of said Court; and the rejection of said transcript as evidence would be error.

Error, to the First Judicial District, holding terms at Walla Walla.

This is a case in which the defendant in error, as plaintiff and administrator of the estate of Thomas K. McCoy, deceased, sued the plaintiff in error and Margaret A. McCoy (the plaintiff in error alone served and defending), for the alleged conversion of property of said estate of the value of twenty thousand, two hundred dollars, and recovered a judgment for three thousand, two hundred and forty-three dollars and fifteen cents, and costs.

The recovery was for the conversion of negotiable railroad stocks and notes ; the stock being of a railroad in Walla Walla County, and the notes secured by mortgages on real property and real estate in said county.

The pleadings admit that deceased, Thomas K. McCoy, died on the 19th of February, 1877, and said notes and stocks belonged to his estate.

The issues made are :

Whether deceased, at the time of his death, had his domicil in the county of Umatilla, State of Oregon, or in the county of Walla Walla, Territory of Washington.

Whether the assets which defendant is charged with converting were at said time located in the county of Umatilla, State of

Oregon, or in the county of Walla Walla, Territory of Washington.

Whether the Probate Court ever had jurisdiction of said assets.

Whether defendant, as administrator of said estate in Oregon, had said property vested in him by a decree of the Oregon Court; and whether, if so vested, it was rightful for defendant to sell the stock and collect the notes.

Whether any property in said assets vested in the Administrator of Washington Territory.

*T. J. Anders* and *W. G. Langford*, for Plaintiff in error.

On these issues the defendant below proved by a preponderance of evidence that the domicile of deceased was in Umatilla County, State of Oregon; and by undisputed evidence that, at the time of the death of the deceased, said stocks and notes were in his possession in Umatilla County, State of Oregon; and the same were converted by the defendants, under the claim that they were administrators of the estate of Thomas K. McCoy, deceased, in Umatilla County.

As proof that, in collecting said debts and selling said stocks, they were acting as administrators rightfully, the defendant at the trial offered in evidence a duly certified copy of the County Court of Umatilla County, State of Oregon, which appears in the transcript in connection with the printed Code of the State of Oregon.

The domicile of deceased is the *situs* of all his personal property, and an administrator at that place becomes vested with the title to such property, so that when once so vested, he may follow such property into another State, and recover the same in his own personal right. This rule includes all negotiable property which the administrator might sell at the domicile, and all other debts which he can collect without suit, without fraud upon creditors in another State.

There are some authorities which hold that when such deceased has creditors in a foreign State, and owes on non-negotiable debts, an administrator in such foreign State may be appointed, and seize such debts to pay the said creditors, and remit the balance to the administrator of the domicile. (2 Kent's

Commentaries, 428–9; *Bradley* v. *Bander*, 19 Am. Fair Regis-
ter, 776; State Fair on Foreign-held Bonds, 15 Wallace, 319;
*Wilkins* v. *Ellett*, 9 Wallace, 740; *Kirtland* v. *Hotchkiss*, 100
U. S. 491; *Braynard* v. *Marshall*, 8 Pickering, 194; *Guillan-
der* v. *Howell*, 35 N. Y. 657; 3 Wait's Actions and Defenses.
237; *Adams* v. *Cheverel*, Cro. Sac. 113; *Slack* v. *Wollcott*, 3
Mason's Circuit Court Reports, 508; *Bollard* v. *Spencer*, 7
Tenn. R. 358; *Commonwealth* v. *Griffith*, 2 Pickering, 11; *Por-
son* v. *Lyman*, 20 N. Y., 6 Smith, 103; *Doolittle* v. *Lewis*, 7
Johnson Ch. 49; *Petersen* v. *Chemical Bank*, 32 N. Y. 21; *Ste-
vens* v. *Gaylord*, 11 Mass. 256; *Leake* v. *Gilchrist*, 2 Dev. N.
C. Law, 73; Story's Conflict of Laws, Secs. 516, 517.)

That a note is secured by mortgage on real estate makes no
difference. ( *Williams* v. *Fitzhugh*, 37 N. Y. 444; *Newman* v.
*Kershaw*, 10 Wis. 333; *Kennedy* v. *Knight*, 21 Wis. 345;
Wharton's Conflict of Laws, 2d ed. Sec. 368.)

Was the County Court of the State of Oregon for Umatilla
County a Court of record, and of exclusive and general juris-
diction in probate matters in that county ? (See General Laws
of Oregon, 1843–1872; Constitution of Oregon, Art. 7, Sec. 1,
87; Id. 282, Sec. 859; *Tustan* v. *Grant*, 4 Oregon R., 306;
*Holmes*, Administrator, v. *Oregon & California R. R. Co.*, Chi-
cago Legal News, 102, 105, *et seq.*)

These adjudications are proceedings *in rem*, and when, in
such proceedings, in a Court of general jurisdiction, facts con-
ferring jurisdiction are once litigated and adjudged in favor of
one claiming jurisdiction, such adjudication is conclusive,
whether erroneous or not. (7 Wait's Actions and Defenses,
181, 182, and authorities there cited; *Wright* v. *Barber*, 10
New York, 97; *Huntington* v. *Charlotte*, 15 Vermont, 46; *The
State* v. *Seaborns*, 4 Dev. 305; *Beaubean* v. *Brinkerhoff*, 2
Scammon, Ill. 369; 4 Wait's Actions and Defenses, p. 188;
*Costrique* v. *Imrie*, L. R., 4 H. of L., 414, 429; Storey's Con-
flict of Laws, 618–9; *Grignon's Lessee* v. *Astor*, 2 Howard's
U. S. Supreme Court, 319, 338; *Peters* v. *Warren Insurance
Co.*, 3 Sumner's Circuit Court Reports, 389; 14 Peters' Su-
preme Court, U. S. 99; *Magoun* v. *N. E. Ins. Co.*, 1 Story,
157; *Grant* v. *McLachlin*, 4 Johnson, 34; *Whitney* v. *Walsh*,
1 Cushing, 29; *Comstock* v. *Crawford*, 3 Wallace, U. S., S. C.

396; *Mohr* v. *Manierre*, 101 U. S., S. C. Reports, 417. This last case approves *Grignon* v. *Astor*, *Holmes* v. *Oregon & California Railroad Co.*)

Defective pleadings do not make a judgment void. (6 Wait's Actions and Defenses, 808, Sec. 12; Id. 808; *Haygood* v. *McKoon*, 49 Missouri, 77.)

Though a statute requires that an affidavit is a condition precedent to a judgment by confession, yet a judgment without the affidavit is not void. (*Dean* v. *Thatcher*, 32 New Jersey Law, 470.)

So where the statute provides that a verification to a petition in the Orphans' Court must be made under oath, in proceedings to sell real estate; yet if the verification and oath are omitted, the proceedings are not void, but such proceedings shall be received in evidence. (6 Wait's Actions and Defenses, 808, Sec. 12; *Waters* v. *Bates*, 44 Penn. St. 473; *Winston* v. *Alffaltcr*, 49 Missouri, 263; *Chamberlain* v. *Predle*, 11 Allen, 370; *Richards* v. *McMillan*, 6 California, 419; *Bond* v. *Pacheco*, 30 Id. 530.)

But were the above not true, the petition in this case did show jurisdictional facts. (General Laws of Oregon, 1843, 1872, p. 319, Sec. 1060; Id., Sec. 869, pp. 282–3; *Tuston* v. *Gaunt*, 4 Oregon, 306; *Young* v. *Young*, 18 Minn. 94; *Barnard* v. *Darling*, 1 Barber's Chancery Reports, 176; *Revis* v. *Caldwell*, 56 California, 588; *Parker* v. *Baker*, 8 Paige, New York, 428; *Moshcr* v. *Heydrick*, 30 Howard's Ry. R., 161 S. C.; 45 Barber's Reports, 549; *Perkins* v. *Collins*, 3 New Jersey Eq. 482; *Knowles* v. *Gaslight Co.*, 19 Wallace, 61; *Pennoyer* v. *Neff*, 95 United States, 721.)

A decree or order of the administration of an estate is conclusive evidence upon the title of the thing or administration. (Id., 265, Sec. 722, Sub. 1; Id., 255, Sec. 736, Sub. 1.)

A judicial record may be overcome by evidence of a want of jurisdiction. (Id., 256, Sec. 731.)

This record should have the same force and effect in Washington Territory as it has in Oregon. (See Act of Congress, 1 United States Statutes at Large, 122; 2 Id. 298; *Hampton* v. *McConnell*, 3 Wheaton's United States Reports; *Mills* v. *Duryea*, 7 Cranch, Id. 481; *Westervelt* v. *Lewis*, 2 McLean C. C. R. 511; *Armstrong* v. *Carson's Executors*, 2 Dallas C. C.

Reports, 302; 2 American Leading Cases, 774; *Drummond's Administrators* v. *McGrude*, 9 Cranch, Supreme Court United States Reports, 122.)

*B. L. Sharpstein,* and *John B. Allen,* for Defendant in error.

No motion for a new trial, or to correct the errors of the lower Court, was made in that Court. It is a general rule that the trial Court must have an opportunity to correct its errors, if any such exist, upon motion for a new trial or other application, and such Court must overrule such motion or refuse such application before the appellate Court will review or correct such errors; and that the Court will hear the motion made in the Court below only upon the very grounds upon which it was made there. (*Cottrill* v. *Cramer et al.*, 46 Wis. 488; Code of Washington Territory, Sec. 449; *Boyle* v. *Levings*, 28 *Illinois*, 314; *Boyd* v. *Rutledge et al.*, 25 Iowa, 271; *Pigman* v. *Denney et al.*, 12 Iowa, 396; *Eakin* v. *McCrath*, 1 Washington Territory, 603.)

We are aware of the provisions of Sec. 450 of our Code, but do not think that, taken in connection with the preceding section, the above rule is changed thereby.

A non-resident cannot be administrator or executor in this Territory, and letters of adminstration granted by a foreign Court give no authority to collect assets in or remove property from this Territory. (Story on Conflict of Laws, Sec. 514.)

A person interfering with or taking the property of any deceased person from this Territory, is responsible to the executor or administrator of such deceased person therefor. (Statutes 1873, Sec. 661, p. 170; Sec. 140, p. 281; and Sec. 216, p. 297.)

We maintain that if the assumptions of plaintiff in error, that said decedent was a resident of Umatilla County, Oregon, at the time of his death, were true, the plaintiff in error, by virtue of an appointment as administrator by the Umatilla County Court, could not come into this Territory and draw money from the Banks in Walla Walla city, and take furniture and other personal property from this Territory to Oregon, there being creditors of decedent here (which the evidence incorporated in the bill of exceptions herein shows plaintiff did), without rendering himself liable in this action for the money and property so

taken; and all that the transcript would tend to show would not relieve him from such liability, or constitute a defense in this action.   (Story on Conflict of Laws, Secs. 512, 513, 514, 6th edition: *Barlow & Shephard* v. *George Coggan*, 1st Washington Territory R. 261; *McLean et al.* v. *Meek*, 18 Howard, U. S., 16 ; *Young* v. *O'Neal*, 3 Sneed, 55 ; *Pond* v. *Mekepeare*, 2 Metc. R. 114; 3 Redfield on Wills, 25, 26, 2d edition.)

Opinion by Hoyt, Associate Justice.

Upon the trial of this cause, plaintiff in error offered in evidence a transcript from the records of the Probate Court of Umatilla County, Oregon, which was excluded by the Court, on the ground that the petition, which was the foundation of the proceedings recited in said transcript, had not been verified, and that therefore the proceedings had therein were null and void for want of jurisdiction; and such refusal is the only error assigned, to correct which the case has been brought to this Court.

There has been an attempt to verify said petition ; but the jurat was signed by a Justice of the Peace, and failed to recite any venue ; but as to whether or not such omission was fatal, we do not now decide, as we are all of the opinion that the verification of the petition was not a matter which determined the jurisdiction of the Court; and that a petition in other respects sufficient would give the Court jurisdiction, and a failure to have it verified would be a mere irregularity, correctable only on appeal.   It follows that the proceedings recited in said transcript were not void, and it was error to exclude them for that reason. Defendants in error, however, strongly insist that such error could not have prejudiced the rights of the plaintiff in error, as said transcript did not tend to prove or disprove any of the issues in the case.   But we think it did ; as one of the issues was as to whether at a certain date certain notes and other specific articles of property were in Walla Walla County, or in said Umatilla County; and in our opinion the fact that said transcript showed that at said date the Probate Court of Umatilla County had assumed jurisdiction over said articles, and was proceeding against them as within its control, would *prima facie* establish

the fact that they were then within the said County of Umatilla, and within the jurisdiction of said Probate Court.

The transcript, then, should have been admitted in evidence, and its exclusion was error; for which the judgment must be reversed and a new trial granted, and it is so ordered.